Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BROWN,<br><br>           Plaintiff,<br><br>      v.<br><br>MIDLAND FUNDING, LLC,<br>MIDLAND CREDIT<br>MANAGEMENT, INC; and<br>ENCORE CAPITAL GROUP, INC.,<br><br>           Defendants. | Case No.: '13CV0466 L    BGS<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE FAIR**<br>   **DEBT COLLECTION PRACTICES**<br>   **ACT, 15 U.S.C. §1692 ET. SEQ.;**<br>**2. VIOLATION OF THE**<br>   **ROSENTHAL FAIR DEBT**<br>   **COLLECTION PRACTICES ACT,**<br>   **CAL. CIV. CODE §1788 ET. SEQ.**<br>**3. VIOLATION OF THE**<br>   **TELEPHONE CONSUMER**<br>   **PROTECTION ACT, 47 U.S.C. §227**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

ANTHONY BROWN ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC; and ENCORE CAPITAL GROUP, INC., ("Defendants"):

- 1 -

PLAINTIFF'S COMPLAINT

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA,") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person and an adult individual.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant Midland Funding, LLC is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, CA 92123.

8. Defendant Midland Credit Management, Inc. is a corporation specializing in debt collection with its principal place of business located at 5775 Roscoe Court, San Diego, CA 92123.

9. Defendant Encore is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, CA 92123.

10. Defendants are "debt collectors" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all relevant times, Defendants were attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

13. Upon information and belief, the alleged Providian credit card debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

14. Beginning in February 2012, and extending into May 2012, Defendants' collectors placed repeated harassing debt collection calls to Plaintiff's cellular telephone.

15. Defendants' harassing collection calls derived from numbers including, but not limited to (800) 265-8825 and (800) 282-2644. The undersigned has confirmed that these numbers belong to Defendants.

16. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

17. Upon information and belief, during this time Defendants called Plaintiff several times during this time on his cellular phone using a pre-recorded, computer recorded, or automated message.

18. Plaintiff did not consent to the placement of collection calls to his cellular telephone by Defendants or the creditor that placed the account with Defendants for collection.

19. Plaintiff also specifically told Defendants to not call his cellular telephone number.

20. In its attempts to collect the alleged debt, Defendants regularly called Plaintiff's cellular telephone three times in a given day, including on Sundays when Plaintiff was attending church services.

21. Plaintiff requested on numerous occasions that Defendants stop calling him. However, Defendants continued to call.

22. Plaintiff also requested that Defendants send him something in writing providing him with information concerning the debt as another debt collector was in contact concerning a Providian credit card debt and had garnished his bank account. Plaintiff did not desire paying two separate debt collectors for the same debt.

23. Plaintiff repeatedly told Defendants that he could not discuss resolving the debt until he had information about the debt so he could assess whether this was the same debt that was being garnished from his bank account.

24. However, Defendants refused to send anything in writing to Plaintiff concerning the debt and told Plaintiff that they did not have to send him anything concerning the debt. Instead, Defendants just continued calling him.

25. It is averred by Plaintiff that such Defendants' continued calls, after receiving notice that its calls were unwanted and that Plaintiff required further information, which they refused to provide, could only have been placed with the intent to harass Plaintiff.

26. Further, Defendants were deceptive during these communications with Plaintiff, often failing to identify themselves or the name of the company for which they were calling to Plaintiff, and the fact that they were debt collectors attempting to collect a debt.

27. Plaintiff often would need to call *69 following a call with Defendants to determine who had just called him.

28. Additionally, Defendants never sent Plaintiff a written notice of his right to dispute the debt and/or to demand verification thereof, within five (5) days of the first communication.

29. Defendants' actions as described herein were made with the intent to harass, abuse, and coerce payment from Plaintiff for the alleged debt.

## COUNT I
## DEFENDANTS VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

31. Defendants violated § 1692d of the FDCPA when they called Plaintiff repeatedly and continuously, when they continued to call Plaintiff even after he told Defendants to stop calling him, and when they engaged in other harassing or abusive conduct.

## COUNT II
## DEFENDANTS VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

PLAINTIFF'S COMPLAINT

33. Defendants violated § 1692d(5) of the FDCPA when they caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

**COUNT III**
**DEFENDANTS VIOLATED § 1692d(6) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

34. Section 1692d(6) of the FDCPA prohibits debt collectors from making the placement of telephone calls without meaningful disclosure of the caller's identity.

35. Defendants violated section 1692d(6) of the FDCPA when its representatives called Plaintiff in relation to the subject debt but failed to identify themselves, the company for which they were calling, or the fact that they were debt collectors attempting to collect a debt.

**COUNT IV**
**DEFENDANTS VIOLATED § 1692e OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

36. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

37. Defendants violated § 1692e of the FDCPA when their collectors failed to identify themselves, the company for which they were calling, or the fact that they were debt collectors attempting to collect a debt to the Plaintiff, and when

- 7 -

PLAINTIFF'S COMPLAINT

they made other false, deceptive or misleading representations.

## COUNT V
## DEFENDANTS VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

38. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect a debt.

39. Defendant violated § 1692e(10) of the FDCPA when their collectors failed to identify themselves, the company for which they were calling, or the fact that they were debt collectors attempting to collect a debt to the Plaintiff, and when they made other false, deceptive or misleading representations.

## COUNT VI
## DEFENDANTS VIOLATED § 1692e(11) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

40. Section 1692e(11) of the FDCPA requires a debt collector to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

41. Defendant violated § 1692e(11) of the FDCPA when their collectors

failed to advise Plaintiff they were debt collectors attempting to collect a debt.

## COUNT VII
## DEFENDANTS VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

42. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

43. Defendants violated § 1692f of the FDCPA when they called Plaintiff repeatedly and continuously, when they continued to call Plaintiff even after he told Defendants to stop calling him, when their collectors failed to identify themselves, the company for which they were calling, and that they were debt collectors attempting to collect a debt, and when they engaged in other harassing or abusive conduct.

## COUNT VIII
## DEFENDANTS VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

44. Section 1692g(a) of the FDCPA states that within five days after the initial communication with the consumer in connection with the collection of a debt, the collector will send the consumer the name of the original creditor, as well as a written notice stating that if the consumer notifies the collector in writing within 30 days that he or she disputes the debt, that the collector will obtain verification of the debt or a copy of the judgment and mail a copy to the consumer.

45. Defendants violated § 1692g(a) of the FDCPA by failing to provide Plaintiff with written notice of her right to dispute the debt or to demand verification thereof within five (5) days of their first communication with Plaintiff.

## COUNT IX
## DEFENDANTS VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

46. In its actions to collect a disputed debt, Defendants violated Cal. Civ. Code §1788.17, which mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j of the FDCPA inclusive.

## COUNT X
## DEFENDANTS VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

47. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

48. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

49. Despite the fact that Plaintiff never consented to Defendants making calls to his cellular phone, upon information and belief, Defendants placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

50. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

51. Here, upon information and belief, Defendants regularly placed non-emergency, automated calls to Plaintiff's cellular telephone, using a computer generated, pre-recorded or artificial voice.

52. Defendants did not have Plaintiff's express consent prior to contacting him on his cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

53. Defendants' conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

WHEREFORE, Plaintiff, ANTHONY BROWN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

    e. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. § 227 (c)(5)(B); and

    f. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANTHONY BROWN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 02/27/13        KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: abennecoff@creditlaw.com
Attorney for Plaintiff